### PEREZ v. PADUA.

No. 16045.

Court of Appeal of Louisiana. Orleans.

Oct. 7, 1935.

Gill & Simon and Warren M. Simon, all of New Orleans, for appellant.

John J. Wingrave, of New Orleans, for appellee.

WESTERFIELD, Judge.

Plaintiff, a tenant, brings this suit against her landlord claiming $2,020 as damages for physical injuries alleged to have been sustained as the result of a fall alleged to be due to a defect in the premises. The defendant landlord answered denying liability and reconvened and claimed $29 as unpaid rent. The trial court dismissed the main and reconventional demands, and plaintiff has appealed.

There were no eyewitnesses to the accident other than plaintiff herself, who testified that at about 5:30 p. m., while walking across the floor of a combination kitchen and washroom in the rear of the leased premises, No. 1329 Frenchmen street, in the city of New Orleans, the heel of her left shoe went through a hole in the flooring, causing her to lose her balance and fall down the steps attached to the outhouse, with the result that she suffered a severe fracture of her right elbow with contusions and brush burns over her entire body, causing her to be incapacitated for a period of six weeks and entailing great pain and suffering. She is in a measure corroborated by the testimony of a Mr. Jack Guidry, a roomer of plaintiff's. Guidry's evidence is to the effect that while walking toward the rear of the leased premises he heard the plaintiff scream and ran to her assistance and found her lying flat on the steps, with her arms and face upon the pavement below; that he assisted her to her feet and drove her to the Charity Hospital, where she received treatment and where her arm was placed in splints.

440

■ Defendant and her husband testified that on the night that the accident is alleged to have occurred, they were in their rooms in an adjoining house, with the windows open and not more than a few feet distant from the premises occupied by plaintiff, and overheard a violent quarrel between the plaintiff and her roomer, in which blows were struck by Mr. Guidry and loud and profane protests and exclamations uttered by plaintiff with specific reference to an injury to her arm. This evidence was admitted over the objection of counsel, who contended that it constituted a special defense, requiring a special plea, which defendant had failed to make. 9 La. Digest, verbo "Pleading," § 40, p. 1184. The trial court called attention to the fact that the answer had denied that the accident had happened in the manner set forth in the petition and held that the evidence was competent as tending to establish the defense by showing that plaintiff's arm was injured in a quarrel and not because of a defect in the leased premises. We believe the action of the trial court was correct. The rule with respect to special pleadings is without application.

But the testimony, when considered, is of little value because of inaccuracies and inconsistencies. Our learned brother below stated in his reasons for judgment that he found all of the defendant's evidence unworthy of belief, basing his judgment against plaintiff entirely upon her own evidence, in which he likewise had no confidence. Plaintiff testified that the hole in which she said she caught her shoe was not repaired until seven weeks after the accident, when it was covered by a piece of boxwood, as testified by one witness, and by a piece of zinc, according to another; that though she testifies that her elbow was fractured and placed in splints by a physician at Charity Hospital, the splints were removed by herself six days after the accident. No X-ray photographs of her arm were introduced in evidence, and there is no proof whatsoever of her elbow having been fractured. Dr. Arthur N. Houston, who examined plaintiff after the removal of the splint, testified that he was unable to say whether her elbow was broken or not, but that if it was, it should have been in splints; and, when asked whether he had placed her arm in splints, replied in the nega-

tive. He saw Mrs. Perez only once, a week after the accident, and then he strapped her back to relieve a sacroiliac strain, which was evidently the occasion for his services.

Three photographs purporting to show the decayed and rotten condition of the flooring of the room in which the accident is alleged to have occurred were offered in evidence. The pictures were taken, according to the testimony, seven weeks after the accident by an itinerant photographer, who was not produced.

■ In addition to the weaknesses which we have indicated as appearing on the face of the record, plaintiff and her witnesses have failed to impress the trial judge. The burden of proof, which rested upon her, is apparently greater than she can bear.

The judgment appealed from is affirmed.

Affirmed.